**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANGEL YAMIL SANTIAGO
VÁZQUEZ, et al.,

      Plaintiffs,

v.

                                Case No. 3:26-cv-1523-MMH-LLL

LA POSITIVA ENTERTAINMENT,
LLC, and EDWIN FIGUEROA,

      Defendants.

## O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On June 10, 2026, Plaintiffs initiated this action by filing a six-count Complaint. <u>See</u> Complaint (Doc. 1). Upon review of the Complaint, the Court finds it is due to be stricken as an impermissible shotgun pleading. In the analysis that follows, the Court will discuss some problems with the Complaint and will provide Plaintiffs with the opportunity to file a corrected complaint consistent with the Federal Rules of Civil Procedure (Rule(s)). Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

A complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. <u>See generally</u> <u>Weiland v. Palm Beach Cnty. Sheriff's</u>

Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings).[1] The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the

---

[1] The Eleventh Circuit has summarized the four categories of shotgun complaints as follows:

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321–23).

- 2 -

court and the court's parajudicial personnel and resources." <u>Cramer</u>, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. <u>See</u> <u>id.</u> (admonishing district court for not striking shotgun complaint on its own initiative); <u>see also</u> <u>Weiland</u>, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant here is the "most common type" of shotgun complaint, one in which the plaintiff asserts "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." <u>See</u> <u>Weiland</u>, 792 F.3d 1313, 1321, 1321 n.11 (collecting cases). As a result, "most of the counts … contain irrelevant factual allegations and legal conclusions." <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. <u>See</u> <u>id.</u> Here, in each successive claim for relief in the

- 3 -

Complaint, Plaintiffs re-allege every preceding paragraph. See Complaint ¶¶ 79, 99, 108, 117, 126. This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov, 986 F.3d at 1325; see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020).[2]

Additionally, in Count VI, Plaintiffs assert a claim for "Permanent Injunctive Relief." Id. at 22–23. But a traditional injunction is a remedy and not a freestanding cause of action. See Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1098 (11th Cir. 2004) ("There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under [Rule] 12(b)(6) (failure to state a claim)."). As such, when drafting their corrected complaint, Plaintiffs should remove their "claim" for injunctive relief from Count VI.[3]

Because Plaintiffs' Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Plaintiffs to file a corrected complaint. See

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[3] At least one kind of "non-traditional" injunction does not require a separate basis in a cause of action. See Klay, 376 F.3d at 1100 (noting that a plaintiff that seeks an injunction under the All Writs Act is not required to state a claim that underlies the injunction). Plaintiffs do not seek an injunction under the All Writs Act. See generally Complaint.

Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority <u>sua</u> <u>sponte</u> to require the plaintiff to file a more definite statement."). Failure to comply with the Rules and this Order may result in dismissal of this action without further notice.

Accordingly, it is

**ORDERED:**

1.      Plaintiffs' Complaint (Doc. 1) is **STRICKEN**.

2.      On or before **July 29, 2026**, Plaintiffs shall file a corrected complaint that complies with the Federal Rules of Civil Procedure and the directives of this Order.[4]

**DONE AND ORDERED** in Jacksonville, Florida, on July 8, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

---

[4] The filing of the corrected complaint does not affect any right Plaintiffs may have to amend as a matter of course under Rule 15(a)(1).

lc33

Copies to:
Counsel of record